UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | 90-93 (TFH) |
| | : | |
| **HAROLD RANDOLPH STEPHEN,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXPUNGE HIS CRIMINAL RECORD

*COMES NOW*, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion to expunge his criminal record. The record conclusively shows that defendant is not entitled to the equitable relief he seeks and that his criminal conviction may not be expunged under the controlling case law. Therefore, we ask the Court to deny defendant's motion.

### PROCEDURAL HISTORY

On March 1, 1990, defendant entered a guilty plea to one count of Passport Fraud before the Honorable Joyce Hens Green. On May 2, 1990, defendant was sentenced to incarceration for a term of four months to be followed by two years supervised release. On or about February 15, 2008, defendant filed a Pro-Se Motion to Expunge Criminal Record. The government now files the instant opposition to defendant's motion.

## ARGUMENT

## Defendant's Motion To Expunge His Criminal Record Should Be Denied.

Defendant now files a motion to expunge his criminal record. In support of his motion, defendant states that he has not committed any criminal offenses since he was released from incarceration in this case, and now provides financial support for his six children. The Government submits that these grounds do not constitute "extraordinary circumstances" warranting the expungement of her conviction in this case

In Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979), the D.C. Circuit noted that, even absent a statute authorizing expungement, federal courts have the power to order expungement only in certain extraordinary circumstances. In Doe, supra, the court reviewed the expungement case law, and indicated that the power to grant expungement is very narrowly limited:

> [A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.

Id. at 1230. Moreover, the Court explicitly rejected defendant's argument that he was entitled to expungement of his conviction, noting that "[e]ven individuals who were never convicted are not entitled to expungement of their records as a matter of course, and absent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest, but a valid conviction." Id. at 1231;

see also Gov't of V.I. v. Nugent, 2007 WL 1394014 * 1 (V.I. Super. April 2, 2007)("[T]he power of expungement may only 'be exercised after an analysis of the facts and circumstances demonstrate the existence of extreme circumstances.' . . . Expunction of an official record is not automatically granted for convictions overturned on constitutional grounds, or even for acquittals."), citing United States v. Noonan, 906 F.2d 952, 956 (3rd Cir. 1990)(presidential pardon is not a sufficient basis for expungement).

Furthermore, it has long been held, that "[r]etaining and preserving arrest records serve[s] an important function of promoting effective law enforcement" and preserves the "'compelling public need for an effective and workable criminal identification procedure.'" Gov't of V.I. v. Nugent, supra, 2007 WL 1394014 at * 2 n.2, citing United States v. Schnitzer, 567 F.2d 536, 539 (2nd Cir. 1977), cert. denied, 435 U.S. 907 (1978); see also United States v. Salleh, 863 F.Supp. 283, (E.D. Va. 1994)("Retention of criminal records aids in effective law enforcement, a purpose reflected in Congress' requirement that the Attorney General 'acquire, collect, classify, and preserve' criminal records.") Indeed, as the D.C. Circuit has explicitly noted, "[t]he government . . . ha[s] a legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations. Doe, supra, 606 F.2d at 1243. Thus, "the Government's interest in maintaining criminal records is presumed, unless a petition seeking expungement can overcome them." Gov't of V.I. v. Richardson, 2004 WL 242886 * 1 (V.I. Super. January 21, 2004).

Applying the above-stated legal principles to this case, it is clear that defendant does

3

not establish, let alone allege, that his arrest and conviction were invalid, or that the expungement was authorized by "specific statutory authority," as he must in order to qualify for expungement of a conviction. Id. at 1231. Rather, his circumstances are not extraordinary, and in fact, are the same circumstances faced by every defendant with a criminal conviction. Courts presented with expungement motions seeking relief on grounds such as those advanced by this defendant have routinely stated that "[c]ollateral employment consequences" resulting from the existence of an arrest or conviction are insufficient to warrant expungement of arrest or conviction records, as are other factors such as the lack of other criminal records or the successful completion of probation. See e.g., United States v. Vasquez, 74 F.Supp.2d 964, 967-68 (S.D. Cal. 1999)(defendant's claim that maintaining her conviction record would result in hardship in obtaining employment did not warrant expungement of her record even though her conviction was for a misdemeanor drug offense committed while she was a young person and exercised poor judgment, she had never been in trouble before or after this one conviction, and there was no indication that she would engage in future criminal conduct); Gov't of V.I. v. Richardson, supra, 2004 WL 242886 at * 5 (Court denied stipulated motion to expunge defendant's criminal record, rejecting defendant's claim that his "reputation or career marketability will be adversely affected or compromised by the Government maintaining its records of his arrest"); United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991)(reversing District Court's order granting expungement based on defendant's "otherwise clean background" and the relatively minor

nature of his offense, his successful completion of five years probation, and his claim that he sought expungement in order to re-enlist in the military); United States v. Lopez, 704 F.Supp. 1055 (S.D. Fla. 1988)(expungement of arrest records for an offense which the government later elected not to pursue was not warranted based on defendant's claims of "economic and employment losses").

## CONCLUSION

For the reasons set forth above, the government respectfully moves this Court to deny the defendant's motion to expunge his criminal record.

Respectfully submitted,

 /s/Jeffrey A Taylor
JEFFREY A. TAYLOR # 498610
UNITED STATES ATTORNEY

 /s/Robert D. Okun
ROBERT D. OKUN # 457078
Chief, Special Proceedings Division

 /s/Carolyn K. Kolben
CAROLYN K. KOLBEN #391-156
Assistant United States Attorney
Special Proceedings Division
555 Fourth Street, N.W. - Room 10-441
Washington, D.C. 20530
(202) 616-0852
    Carolyn.Kolben@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that I have caused the instant Opposition To Defendant's Motion to Expunge Criminal Record to be filed via the Electronic Case Filing System, and service of the foregoing to be made by mailing a copy, first-class postage attached to Harold R. Stephen. 11562 Bowie Court, Lusby, Maryland 20657, this 24th day of March, 2008.

<u>/s/Carolyn K. Kolben</u>_____<br>
Carolyn K. Kolben<br>
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | 90-93 (TFH) |
| | : | |
| **HAROLD RANDOLPH STEPHEN,** | : | |
| Defendant. | : | |

## O R D E R

Upon consideration of defendant's motion to expunge his criminal record, and the United States' Opposition to defendant's motion, and it appearing that the defendant is not entitled to the relief sought,

It is hereby ORDERED that the defendant's motion to expunge his criminal record is hereby DENIED.

---

**THOMAS F. HOGAN**
**United States District Court Judge**

DATE:

Copies to:

Carolyn K. Kolben, Bar #391156
Assistant United States Attorney-Room 10-441
Special Proceeding Division
555 4th Street N.W.
Washington, D.C. 20530
202-616-0852
Carolyn.Kolben@usdoj.gov

Harold Randolph Stephen
11562 Bowie Court
Lusby, Maryland 20657